**Encarnacion N. Vda De CAPILI, Plaintiff,**

v.

**ADMINISTRATOR OF VETERANS AFFAIRS, Defendant.**

**Civ. A. No. 1606–69.**

United States District Court, District of Columbia.

March 13, 1970.

evidence indicated that from January 6, 1946 plaintiff was living with another man as his wife. Thereafter, on March 16, 1953, the Veterans Administration, while adhering to its denial of death compensation on and after January 6, 1946, nevertheless, granted death compensation for a limited period only, specifying such period as commencing October 24, 1944 (the day after the death of the veteran) and ending January 5, 1946.

At no time did the Veterans Administration ever deviate from its denial of death compensation benefits for the period on and after January 6, 1946.

The Court is of the view that the case of Tracy v. Gleason, 126 U.S.App. D.C. 415, 379 F.2d 469 (1967) has no application in the instant case and that the finality statute applies. 38 U.S.C.A. § 211(a).

The motion of the plaintiff for summary judgment will be denied, and the cross motion of the defendant for summary judgment will be granted. The attorney for the defendant is to submit a proposed order carrying these rulings into effect.

Harold J. Nussbaum, Washington, D. C., for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Dept. of Justice, Russell Chapin, Chief, General Claims Section, Civil Division, Dept. of Justice, Edward I. Swichar, Atty., Civil Division, Dept. of Justice, Washington, D. C., for defendant; Thomas A. Flannery, U. S. Atty., of counsel.

## MEMORANDUM

MATTHEWS, District Judge.

The plaintiff, the widow of a veteran presumed dead as of October 23, 1944, filed her original claim for death compensation on May 6, 1947. The first action on this claim was a denial by the Veterans Administration on February 15, 1952. The ground of the denial was that she had failed to establish her entitlement to death compensation as the